**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WILLIAM ANDREW KINSEY, III,**                                    **PLAINTIFF**
**# 53547-004**

**VERSUS**                                    **CAUSE NO. 3:25cv207-KHJ-MTP**

**DR. MARTINEZ, SEVEN CORNERS, INC.,**
**DR. A. CHAMBERS, and DR. J. RUSSELL**
**ROOKS**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for screening purposes. *Pro se* Plaintiff William Andrew Kinsey, III, is incarcerated with the Bureau of Prisons ("BOP") and challenges the conditions of his confinement. Having considered, liberally construed, and screened the pleadings, the undersigned recommends that the Plaintiff's attempted federal claims be dismissed and that the Court decline jurisdiction over the remaining state law claims.

## BACKGROUND

Kinsey—a federal inmate with the federal Bureau of Prisons—filed this action on March 26, 2025. (Compl. [1] at 1). He filed an Amended Complaint [19] on October 14, 2025. He is housed at the Federal Correctional Institution at Yazoo City, Mississippi ("FCI-Yazoo City"). (Am. Compl. [19] at 2). Defendants are the medical contractor for the prison, Seven Corners, Inc., and its employees Dr. Martinez, Dr. A. Chambers, and Dr. J. Russell Rooks. *Id.* at 1. Kinsey alleges the Defendants were deliberately indifferent and negligent in the treatment of his hernia. *Id.*; (Am. Compl. [19-1] at 4).

From 2021-2023, Kinsey claims that Dr. Martinez knew Kinsey had a worsening hiatal hernia but did not refer him for consultation or surgery. (Am. Compl. [19-1] at 4); (Compl. Ex. [1-1] at 1). Even though he allegedly had the hernia since 2021, he claims he did not discover

the diagnosis until 2023.   (Compl. [1] at 4); (Compl. Ex. [1-1] at 1).   He further contends that Seven Corners had a policy of denying hernia surgery.   (Am. Compl. [19-1] at 4).   He alleges that Dr. Rooks acknowledged that he needed surgery but "later contradicted ultra sound evidence of hernia."   *Id.*   Kinsey finally claims that Dr. Chambers knew about the hernia and Kinsey's worsening conditions from 2023 to the present.   *Id.*

Kinsey sues Defendants by specifically invoking 42 U.S.C. § 1983.   (Am. Compl. [19] at 1-2).   He asserts Eighth Amendment claims for "deliberate indifference" under § 1983 and state law claims for "medical negligence."   *Id.*; (Am. Compl. [19-1] at 4).   For relief, Kinsey seeks injunctive relief and damages.   (Am. Compl. [19-1] at 4).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") applies to prisoners proceeding *in forma pauperis* in this Court.    The PLRA states, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."    28 U.S.C. § 1915(e)(2)(B).   The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."   *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).   "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." *Id.*   The Court has permitted Kinsey to proceed *in forma pauperis* in this action.   His Complaint is, therefore, subject to *sua sponte* dismissal under § 1915.

DELIBERATE INDIFFERENCE

Kinsey invokes § 1983, claiming all Defendants violated the Eighth Amendment by being deliberately indifferent to his hernia.   Defendants, however, are alleged to be a federal contractor and its employees, not state actors, and thus are not subject to suit under § 1983. *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (federal actors are not subject to § 1983). Even if the Court were to liberally construe the Eighth Amendment claims as arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),[1]  they would still fail.[2]

The Supreme Court has declined to extend *Bivens* to lawsuits against private corporations acting under color of federal law.   *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001).   This is because *Bivens* only applies to individual officers.   *Id.* at 70.

The Supreme Court also addressed the application of *Bivens* to a claim asserted by a federal prisoner seeking relief against employees of a private corporation.   *Minneci v. Pollard*, 132 S. Ct. 617 (2012).   In *Minneci*, the plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against its employees for the denial of adequate medical care.   *Id.* at 620.   The Court declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under state tort law.   *Id.* at 623-26.   Specifically, the

---

[1] *Bivens* recognized an implied right of action for damages against federal officers for constitutional violations.   *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971).
[2] *Rodriguez v. Berkebile*, 5:17cv13, 2018 WL 6411353 at *1 (S.D. Miss. Dec. 6, 2018) (construing federal prisoner's § 1983 conditions of confinement claim as a *Bivens* claim).

Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.   We cannot imply a *Bivens* remedy in such a case.

*Id.* at 626.   The Court also noted that specific authority exists "in every one of the eight States where privately managed secure federal facilities are currently located," including Mississippi, "indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees."   *Id.* at 624-25 (citing *Farmer v. State ex rel. Russell*, 79 So. 2d 528, 531 (Miss. 1955)).

Like *Minneci*, Kinsey is a federal prisoner, suing privately employed personnel for a denial of medical care under the Eighth Amendment.   Mississippi tort law recognizes claims for medical malpractice or negligence.   *Hyde v. Martin*, 246 So. 3d 730, 736 (¶28) (Miss. 2019).   Indeed, Kinsey simultaneously pursues these claims under a state law medical negligence theory. *Minneci*, therefore, compels the conclusion that he cannot maintain these *Bivens* medical claims against the individual doctor Defendants.   *See Flores v. United States*, 689 F.3d 894, 903 (8th Cir. 2012) (applying *Minneci* to private medical contractor employee at a county jail, which held ICE detainee); *Erwin v. United States*, 1:19cv375, 2023 U.S. Dist. LEXIS 237584 at *4 (E.D. Tex. Nov. 30, 2023) (R&R) (applying *Minneci* to private doctor contracted to perform at BOP-run facility) *adopted* 2024 U.S. Dist. LEXIS 79539, (E.D. Tex. May 1, 2024); *Villanueva v. United States*, 3:19cv232, 2020 U.S. Dist. LEXIS 43749 at *22-23 (W.D. Tex. Mar. 13, 2020) (same) (R&R) *adopted* May 6, 2020; *McNally v. Inch*, 3:17cv847, 2019 U.S. Dist. LEXIS 160044 at *11 (S.D. Miss. May 6, 2019) (R&R) (applying *Minneci* to private doctor contracted

at FCI-Yazoo City) *adopted* 2019 U.S. Dist. LEXIS 158909 (S.D. Miss. Sep. 18, 2019).

The undersigned recommends that the deliberate indifference claims be dismissed, *sua sponte*, for failure to state a claim, under § 1915e(2)(B).

MEDICAL NEGLIGENCE

This leaves the state law medical malpractice claims against Defendants.   These claims invoke the Court's supplemental jurisdiction.   28 U.S.C. § 1367(a).   This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction."[3] 28 U.S.C. § 1367(c)(3).   This case is still early in the proceedings, the current Defendants have not yet been served with process, and discovery has not begun.   The remaining claims for medical malpractice or negligence arise under state law and are more appropriately addressed by the state courts in the absence of federal jurisdiction.

Because the undersigned recommends dismissal of all the federal claims, and because judicial economy, convenience, fairness, and comity appear to weigh in favor of declining supplemental jurisdiction, the undersigned also recommends that the Court decline jurisdiction over the remaining state law claims and dismiss them without prejudice.   *See Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 601-02 (5th Cir. 2009).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that (1) the Eighth Amendment deliberate indifference claims be dismissed for failure to state a claim under 28 U.S.C. § 1915e(2)(B)(ii), (2) the medical negligence claims be dismissed without prejudice under 28

---

[3] Plaintiff has not attempted to invoke the Court's diversity jurisdiction, nor is diversity jurisdiction alleged or apparent in the pleadings.

U.S.C. § 1367(c)(3), and that (3) this case be closed.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 8th day of May, 2026.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE